# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **JOHN ALEXANDER VELEZ MENDEZ,** | § | |
| | § | |
| ***Petitioner*,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **WARDEN, EL PASO PROCESSING CENTER; MARY DE ANDA-YBARRA, EL PASO FIELD OFFICE DIRECTOR FOR U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, ACTING DIRECTOR, IMMIGRATION CUSTOMS AND ENFORCEMENT; MARKWAYNE MULLIN, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; AND TODD BLANCHE, ACTING U.S. ATTORNEY GENERAL;** | § | **No. 3:26-CV-00948-LS** |
| | § | |
| ***Respondents*.** | § | |

## ORDER DISMISSING CASE

The Government notified the Court that Petitioner was removed from the United States and is no longer in custody.[1] Petitioner filed a petition for a writ of habeas corpus challenging Petitioner's detention by Immigration and Customs Enforcement.[2] Because Petitioner is no longer detained by Respondents, the petition is moot.[3] The Court therefore denies Petitioner's writ of habeas corpus, dismisses this case as moot, and all pending motions are denied as moot. **THE CLERK SHALL CLOSE THIS CASE**.

---

[1] ECF No. 6.
[2] ECF No. 1.
[3] *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (stating that a habeas petition becomes moot when the habeas relief requested can no longer be effected); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (citation omitted)).

**SO ORDERED**.

**SIGNED** and **ENTERED** on October 30, 2026.

______________________________
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**